IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HEATHER WALKER     PLAINTIFF

VS.     CIVIL ACTION NO. __1:22cv126-GHD-RP__

WALMART, INC.
AND JOHN DOES I-V     DEFENDANTS

## WALMART'S NOTICE OF REMOVAL

**COMES NOW** Walmart, Inc.[1], by and through counsel and without waiving any objections to venue or other defenses, including any defenses under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and files this Notice of Removal of this action from the Circuit Court of Clay County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division, and in support hereof, would show unto the Court the following:

**I.  COMPLAINT**

1. On August 3, 2022, Heather Walker ("Plaintiff") filed her Complaint in this matter, hereto attached as Exhibit A, against Walmart in the Circuit Court of Clay County, Mississippi, this being civil action number 22-CV-159K. Walmart was served with copies of the Summons and Complaint on August 12, 2022. Exhibit B, Service of Process Transmittal Summary.

2. In her Complaint, Plaintiff alleges that on September 17, 2019, while walking on the premises of the Walmart store located at 5509 Highway 45 Alt S, in West Point, Mississippi, she "slipped on what looked like spilled mashed potatoes, a slippery substance on the floor" and injured herself. Exhibit A, at 2 (¶¶5-6). Plaintiff's Complaint also lists claims of "negligence, carelessness,

---

[1] Walmart, Inc. is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

recklessness, willfulness, and/or wantonness[2]." *Id.* at 2(¶¶ 8-11). The Complaint also alleges that "As a direct and proximate result of the negligence of the Defendants" the Plaintiff has "suffered substantial injuries and damages," including, but not limited to, past, present and future medical bills, emotional distress, pain and suffering, and mental anguish. *Id.* at 2, 3 (¶11-12). Plaintiff's Complaint, in the unnumbered beginning with WHEREFORE, also "requests that judgment be entered against the Defendant, WalMart, Inc. And John Does, individually, jointly and severally for damages, within the jurisdictional limits of this Court, and pre-judgment and post-judgment interest, all costs and all other relief deemed appropriated by the Court." Exhibit A, at 3.

3. The action filed by the Plaintiff against Defendant is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in her Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. Specifically, the Plaintiff's Complaint alleges wanton disregard and seeks an unspecified amount in compensatory and punitive damages . These claims alone are sufficient to satisfy the amount in controversy requirement for diversity jurisdiction."Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731, 735 (S.D.Miss.2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct.

---

[2] Wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care. *Maldonado v. Kelly*, 768 So. 2d 906 (Miss. 2000). Mississippi case law indicates "reckless disregard" embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999), citing *Raney v. Jennings*, 248 Miss. 140, 158 So. 2d 715, 718 (Miss. 1963)

25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir.1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D.Miss.1988)); See *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); Also see *Brookins v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 1233474, at *5 (S.D. Miss. Mar. 31, 2021).

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A. *This Case is Removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)*

4. 28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

The United States District Court for the Northern District of Mississippi, Aberdeen Division, is the district and division embracing the location of the state court where this suit is currently pending.

5. 28 U.S.C. § 1332(a), as amended, provides in pertinent part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

As discussed, because Plaintiff alleges wanton, willful and reckless conduct and is seeking an unspecified amount in damages, the amount in controversy has been established, and this Court has original diversity jurisdiction of this matter.

### B. *This Removal is Timely under 28 U.S.C. § 1446(b)*

6. Under 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

7. As stated, Walmart was served with a copy of the Summons and Complaint on August 12, 2022. Exhibit B. Walmart is removing this case within thirty days of August 12, 2022. Therefore, this removal is timely.

### C. *Required Documents Have Been Attached, and Notice Has Been Given to the Clerk*

8. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, filed and/or served on on Walmart are attached hereto as Exhibit C. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen (14) days of the date of removal.

9. Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the Circuit Court of Clay County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

## III. DIVERSITY JURISDICTION

10. As stated, this Court has original diversity jurisdiction over this case pursuant toto § 1332(a) because complete diversity of citizenship exists, and Plaintiff's Complaint establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. *Diversity of Citizenship Exists*

11. According to the Complaint, Plaintiff is "an adult resident citizen of Monroe County, Mississippi." Exhibit A, at 1 (¶1).

4

12. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Consequently, complete diversity exists. Wal-Mart Stores, Inc. became known as Walmart Inc. as of February 1, 2018. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Consequently, complete diversity exists.

13. Further, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Therefore, "John Doe defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R.*, No. 02;06CV212-P-A, 2007 WL 986876, at *1 (N.D. Miss. Mar. 29, 2007). Consequently, complete diversity of citizenship exists.

    **B.**  ***Amount in Controversy Has Been Met***

14. As discussed above, since Plaintiff seeks unspecified damages for Walmart's alleged wanton, willful and reckless conduct in her Complaint, it is apparent from the face of the Complaint that the amount in controversy has been met, and this case is removable pursuant to 28 U.S.C. §1446.

15.    Walmart reserves its right to amend or supplement this Notice of Removal.

16.    Walmart reserves all affirmative defenses including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Clay County be hereby stayed.

Respectfully submitted, this, the 9th day of September, 2022.

**WALMART, INC.**

By: *Rajita Iya Moss*
Thomas M. Louis (MSB #8484)
Rajita Iyer Moss (MSB #10518)

**OF COUNSEL:**

**WELLS, MARBLE & HURST, PLLC**
POST OFFICE BOX 131
JACKSON, MISSISSIPPI 39205-0131
TELEPHONE: (601) 605-6900
FACSIMILE: (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## **CERTIFICATE OF SERVICE**

    I, Rajita Iyer Moss, hereby certify that a copy of this Notice of Removal was filed using the Court's ECF system, which should have automatically emailed a copy to:

Jake McDaniel, Esq.
Schwartz & Associates, P.A.
Post Office Box 3949
Jackson, MS 39207
jmcdaniel@1call.org

ATTORNEY FOR PLAINTIFF

Dated, this, the 9th day of September, 2022.

*/s/ Rajita Iyer Moss*
Rajita Iyer Moss